## J. M. LAPEYRE *v.* R. MURPHY et. al.

*The partners of a firm engaged in the business of ship carpenters are not commercial partners, nor are they bound in solido on an endorsement of a note in their partnership name.*

APPEAL from the Second District Court of New Orleans, *Lea,* J. *Benjamin* and *Micou,* for plaintiff. *C. Redmond* and *Durant* and *Hornor,* for defendants. The judgment of the court (*Eustis,* C. J., absent,) was pronounced by

ROST, J. This suit is upon a promissory note held by the plaintiff, made by *Robert Murphy,* manager, and *John Kilty,* secretary of the Independent Towboat Company, to the order of *Hughes, Valette* and *Thomas,* for the sum of $5500, dated at New Orleans, the 12th February, 1849, and payable on or before 1st May, 1851. It was endorsed by *Hughes, Valette* and *Thomas,* in the words, written by *Hughes,* one of the firm: "Pay to the order of *Mr. Robert Murphy,*" and was endorsed in blank by *Murphy* to the plaintiff. There was judgment for the plaintiff, in the court below, against *Murphy,* for the whole amount, and against *John Hughes, Francis Valette* and *Marc Thomas,* as joint debtors. All the defendants have appealed.

The only complaint *Murphy* makes against the judgment is, that it should have been rendered *in solido* against the members of the firm of *Hughes, Valette* and *Thomas.* The evidence shows that they are ship carpenters. As such, they are not commercial partners, within the definition of the code.

The other defendants contend that their endorsement was made in error, and that when they passed the note to *Murphy,* they intended nothing more than to give up to him, as the manager of the Independent Towboat Company, the evidence of a debt which he, as such manager, had paid. This proposition is directly in the teeth of the written contract, exhibited by the special endorsement made by them to *Murphy,* in his individual capacity, and even, as against him, could be supported only by the most cogent and satisfactory evidence.

The evidence adduced by the defendants, which we have carefully considered, did not satisfy the district judge, and does not satisfy us, that the alleged error existed.

It is not, however, indispensable to decide whether *Hughes, Valette* and *Thomas,* are bound to *Murphy* by their endorsement. The question is, are they bound to the plaintiff? We find nothing in the record which authorizes us to say that *Lapeyre* is affected by any equities existing between *Murphy* and the payees. He gave a valuable consideration for it, before maturity. He bought it from *Murphy* for $5539 02. But, it is said, he did not give that amount in cash for it. True, he gave his own note for it, to *Murphy's* order, payable at one year, with eight per cent interest from date. But, to a solvent merchant, his note is cash; and *Lapeyre* afterwards paid cash for this note to the endorsee of *Murphy.* There was a suggestion in argument, that *Murphy* always remained the owner of the note in suit; but it is unsupported by the evidence which exhibits *Lapeyre* a holder for value, before maturity, in the ordinary course of business.

It is, therefore, decreed that the judgment be affirmed, with costs.